No. 13-0775 – *State of West Virginia v. Zachary Allen Knotts, Jr.*

Benjamin, Justice, concurring:

I agree and concur with the majority decision in this case. I write separately to emphasize the inconsistency between this opinion and the majority's decision in the recent case of *State v. Yocum*, --- W. Va. ---, --- S.E.2d ---, 2014 WL 2017843, No. 12-1309 (May 12, 2014), to which I dissented.

In *Yocum*, the petitioner was convicted of threatening a terrorist act under W. Va. Code § 61-6-24 (2009) because, in retaliation for being arrested for domestic violence, he threatened to sexually assault members of the arresting officer's family. On appeal, the dispositive issue was sufficiency of the evidence to convict the petitioner. A majority of this Court found insufficient evidence to convict the petitioner on the basis that a single police officer does not constitute a level or branch of government under W. Va. Code §61-6-24(a)(3)(B)(iii). The majority also surmised that Mr. Yocum's threat did not have a political purpose and the threat was empty and impulsive – something with which I emphatically disagreed.

Significantly, there was more evidence supporting a violation of W. Va. Code § 61-6-24 in *Yocum* than there is in the instant case. As I pointed out in my dissent

1

in *Yocum*, the arresting officer, Sergeant A., was acting in an official manner and performing official police duties of the executive branch of government at the time he arrested Mr. Yocum. Sergeant A. had no power in his individual capacity and did not act in that capacity. At all times, he was the personification of the power of the executive branch. Further, there was every reason to believe that Mr. Yocum was a violent person considering the fact that Sergeant A. arrested him for domestic violence. Under these facts, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have and did find the essential elements of threatening a terroristic act beyond a reasonable doubt.

In the instant case, a credit union closed Mr. Knotts' account because of Mr. Knotts' odd behavior when visiting the credit union. Specifically, Mr. Knotts, who suffers from a brain injury, harassed credit union customers regarding the topic of circumcision. After the credit union closed his account, Mr. Knotts told credit union management that he was going to blow up the cars of credit union employees and record the explosions on a DVD in order to let the whole world know how he felt about the credit union. The majority finds that Mr. Knotts' threat falls within W. Va. Code § 61-6-24(a)(3)(A)(i), in that Mr. Knotts threatened an act that is likely to result in serious bodily injury or damage to property or the environment and was intended to intimidate or coerce the civilian population.

2

Significantly, in the instant case, the majority does not conduct the same stringent analysis in determining the sufficiency of the evidence that it conducted in *Yocum*. If it did, the majority easily could find that Mr. Knotts' threatened act was personal and not political in that it was intended simply to let the world know Mr. Knotts' personal feelings about the credit union. The majority also could conclude that Mr. Knotts' threat was impulsive and empty. In fact, there was a lot more reason to believe Mr. Yocum's threat than Mr. Knotts' threat. Whereas Mr. Yocum was under arrest for domestic violence at the time he made his violent threat to Sergeant A., Mr. Knotts suffers from a brain injury and apparently has no history of violence such as blowing up cars. Finally, the majority could determine that Mr. Knotts' threat was not made to intimidate or coerce the civilian population but rather was simply made to intimidate and coerce the credit union. In the instant case, however, the majority follows our precedent on judging the sufficiency of the evidence in the record and affirms Mr. Knotts' conviction – something it did not do in *Yocum*.

In sum, I agree that under our deferential standard of review there is sufficient evidence to support Mr. Knotts' conviction in the instant case. I write separately to point out the inconsistency of the majority in the treatments given to Mr. Yocum's and Mr. Knotts' convictions. I am concerned that, to this point, the majority's jurisprudence regarding W. Va. Code § 61-6-24 may be characterized as conflicting and contradictory in that it leaves criminal defendants, lawyers, and judges guessing how this Court might rule in any given case on a sufficiency of the evidence challenge to a

3

conviction under W. Va. Code § 61-6-24. To that extent, I believe *Yocum* should at most be narrowly construed.